IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 2:17-cr-00301-JFC-1 |
| | : | |
| DAVID FRANCIS, | : | |
| | : | |
| DEFENDANT. | : | |

## DEFENDANT'S MOTION TO MODIFY CUSTODY FROM THE ALLEGHENY COUNTY JAIL TO PRE-TRIAL RELEASE/HOUSE ARREST

### *LEGAL AUTHORITY AND SCOPE OF REVIEW*

AND NOW, comes the Defendant David Francis by and through his undersigned attorney, pursuant to 18 U.S.C. § 3145(b). Mr. David Francis is currently detained awaiting resolution of the above-titled criminal case. Mr. Francis moves this Court to release him on pre-trial release and/or house during the pendency of the above-titled criminal matter. In support of this motion, Mr. Francis states as follows:

### PROCEDURAL HISTORY

1. Mr. Francis was arrested and charged by criminal complaint on October 6, 2017.

2. On October 11, 2017 a Detention Hearing was held before Magistrate Judge Robert Mitchell and at the conclusion of testimony and evidence presented by the government and argument by both parties, Mr. Francis was ordered to be detained.

3. An appeal of Magistrate Mitchell's Order was filed and a Memorandum was filed in support of Mr. Francis' position.

4. On December 20, 2017 after hearing testimony and argument from both sides, this Honorable Court ordered that Mr. Francis be detained pending trial.

5.      Consequently, the Defendant has been housed at the Allegheny County Jail ("ACJ")for over 2 ½ years.

## COVID-19 PRESENTS COMPELLING CIRCUMSTANCES MAKING MR.FRANCIS' CONTINUED DETENTION INAPPROPRIATE

6.      AUSA Tonya Sulia Goodman opposes this request.

7.      Prior to the detention hearing on December 20, 2017, the United States Probation Pre-Trial Services Department after their review and investigation of Mr. Francis, recommended to this Court to release him from incarceration pending trial.  This recommendation should be given great deference as this specific government agency is employed to not only help prevent the defendant reoffending prior to trial, but protecting the community as a whole from the defendant. Their objective, thoughtful and thorough review of the facts and circumstances of this matter should help guide this Court.

8.      Mr. Francis is not accused of a crime of violence in the traditional sense (murder, rape, robbery, burglary, assault and the like) or one involving (a) sex trafficking of children, (b) terrorism, (c) a minor victim, (d) firearm, (f) explosive or other destructive device (g) or a SORNA violation.  These are crimes where it may not be genuinely possible to dispute, depending on the facts and circumstances of the office and presuming that there is probable cause to believe a crime was committed and the accused committed it, that incarceration pending trial is the only available means to ensure the safety of the community pending a determination of guilt or non-guilt.

9.      Here, however, Mr. Francis is accused of controlled substance offenses, albeit a serious one, and there are no allegations at this time that he employed violence, threats or intimidation in connection with committing these offenses.

10. COVID-19 is a highly infectious respiratory illness which presents a serious risk of infection, hospitalization and even death to anyone contracting it. The threat is serious and it is real. As of 11:20 pm on April 13, 2020, the New York Times reported 555,371 cases and 22,056 deaths in the United States as a result of COVID-19. *See https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html.*

11. The CDC further recommends the following steps to limit the spread of COVID-19: stay home; wash your hands often; avoid close contact (stay six feet apart); and, clean and disinfect. See *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/what-you-can-do.html*.

12. COVID-19 presents a particular risk to prison inmates and to Mr. Francis in particular. Mr. Francis is 69 years old and suffers documented severe arthritis and Hepatitis C and is in need of a second hip replacement.

13. Second, an inmate cannot stay home, wash his or her hands as frequently as necessary, avoid close contact or clean and disinfect.

14. Prisons are hotbeds for infectious illnesses and this illness has now been detected not just in prisons – places where social distancing and rigorous hygiene are difficult in the best of circumstances – but in Federal and state prisons.

15. As it relates to ACJ, KDKA has reported (*https://pittsburgh.cbslocal.com/2020/04/12/county-jail-inmate-positive-test/*) that a 3rd inmate has now tested positive for COVID-19.

16. The ACJ has now limited attorney visits to NO CONTACT. It is axiomatic that attorneys who might be exposed to COVID-19 can possible visit an inmate and transmits the virus. The results of which could be catastrophic.

17. The same concern that birthed the no contact policy is the very same danger that correction officers pose to inmates. The very nature of the correction officer's job duties bring them in close proximity to inmates daily.

18. There is no way of knowing that correctional officers are obeying federal and state distancing guidelines.

19. Furthermore, new inmates arrive daily at the ACJ and could be carriers of the COVID 19 virus.

20. Even if there is a plea agreement in this matter, it will take several months for Mr. Francis to be formally sentenced.

21. Accordingly, there are compelling circumstances supporting Mr. Francis' release at this time and he should be released from pending trial.

WHEREFORE, Mr. Francis moves this Court to grant him a pretrial release and/or house arrest pending the resolution of this case.

Respectfully submitted,

LAW OFFICE OF CASEY D. WHITE

/s/ Casey D. White
_____
CASEY D. WHITE
Pa. Supreme Court Id. No.:  207470

Burns White Center
48 26th Street, Suite 101
Pittsburgh, Pennsylvania 15212
Phone: 412.995.3270
Fax:    412.995.3271
Email: casey@caseywhitelaw.com
*Attorney for Defendant David Francis*