IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            *Plaintiff,*<br><br>  v.<br><br>DAVID FRANCIS,<br><br>            *Defendant.* | Criminal No. 17-301 |

OPINION

Counsel for defendant David Francis ("Francis") filed a Motion for Release from pretrial detention in the Allegheny County Jail ("ACJ") in light of the Covid-19 pandemic (ECF No. 200). Francis seeks release because he has severe arthritis, Hepatitis C, needs a second hip replacement and is 69 years old. The government filed an expedited response in opposition to Francis's request to be released (ECF No. 202). For the reasons that follow, Francis' motion will be denied.

Procedural History

The applicable procedural history with respect to Francis' detention is somewhat convoluted. The government filed a criminal complaint and a request for detention in October 2017. On October 11, 2017, Francis had a detention hearing before a magistrate judge and was ordered detained (ECF No. 9). The order noted evidence that Francis' drug distribution led to overdoses and two deaths, his possession of bricks of heroin/fentanyl and

his extensive criminal history.  The magistrate judge concluded Francis failed to overcome the presumption that he posed a danger to the community.   Francis appealed from the detention order, but withdrew that appeal (ECF Nos. 11, 17).  He sought a second detention hearing before the magistrate judge, but his request was denied.

On November 1, 2017, Francis was indicted by a federal grand jury.  The original indictment charged him with one count of possession with intent to distribute a quantity of heroin on October 6, 2017 (ECF No. 14).

On November 29, December 20, and December 27, 2017, a hearing on Francis' appeal of the detention order was held before this member of the court.  Francis did not contest that the rebuttable presumption of 18 U.S.C. § 3142(e) applies to this case.  After de novo review and considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the hearings, the court found that the factors weighed strongly in favor of detention because no condition or combination of conditions would reasonably assure the safety of the community (ECF No. 46).  In particular, the court was concerned that Francis posed as a drug treatment provider as a cover for his illegal drug trafficking:

> The court is particularly troubled by the false use of what purports to be a business assisting in recovery to deceive the courts with respect to release of other defendants charged with drug related crimes and the use of those clients seeking and in need of recovery as clients for distribution of heroin, which has been tied to overdoses.  On the record presented, the court is constrained to predict the defendant is likely to continue to traffic in drugs if released pending trial.

ECF No. 46 at 15.  Although the court concluded that Francis did not pose a flight risk, it also concluded that even without the statutory presumption, the government proved by clear and convincing evidence that Francis posed a danger to the community.

On February 28, 2018, a federal grand jury issued a superseding indictment.  Francis was charged with six crimes:  (1) conspiracy to possess with intent to distribute and distribute

2

100 grams or more of heroin, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute and distribution of heroin resulting in serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (3) possession with intent to distribute and distribution of fentanyl resulting in serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (4) possession with intent to distribute and distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (5) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (6) possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  (ECF No. 76). There have been numerous extensions of time agreed upon by the parties, with the stated objective of a resolution prior to trial.  Pretrial motions are now due on June 1, 2020.

Legal Analysis

In his pending motion, Francis does not contest that he is lawfully detained under the provisions of 18 U.S.C. § 3142.  Instead, Francis seeks relief under 18 U.S.C. § 3145(b).  His reliance on that statute is misplaced.  Section 3145(b) provides for review if a defendant "is ordered detained by a magistrate judge, or by a person **other than a judge of a court having original jurisdiction over the offense**." 18 U.S.C. § 3145(b) (emphasis added).  In this case, Francis already exercised his right to appeal the magistrate judge's detention order and had a de novo hearing before this member of the court having original jurisdiction  over the offense. He is not entitled to further relief under § 3145(b).

The court has also evaluated Francis' request under the provision of the Bail Reform Act governing temporary release, which states in pertinent part: "[t]he judicial officer may, by subsequent order,  permit the temporary release of the person, in the custody of a United States

Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another *compelling reason."* 18 U.S.C. § 3142(i) (emphasis added).  The court is unaware of any authority that provides a defendant with a right to a hearing.  The court is able to resolve the motion without a hearing or oral argument.

Francis contends that he is at much graver risk of contracting Covid-19 at ACJ than if released to home confinement.  He argues he is particularly vulnerable in that he is 69 years old, suffers from severe arthritis and Hepatitis C, and needs a second hip replacement.  In addition, Francis's counsel appears to question the ACJ's ability to accommodate confidential attorney-client communications.  Francis argues that these changed circumstances require his immediate release.  Francis points to the pretrial services report in 2017, which recommended release, and contends that he does not pose "safety of the community" concerns because his offenses are non-violent.

In opposing the motion, the government acknowledges that four prisoners and one staff member at ACJ, as of April 15, 2020, had been diagnosed with Covid-19.  The government maintains, however, that Francis poses a serious danger to the community, if released, which outweighs any incremental risk of contracting Covid-19 he faces if he remains detained at ACJ. In addition to the evidence considered by the court in the previous detention hearings, the government points to Counts 2 and 3 of the superseding indictment, which charge Francis with drug distribution resulting in "serious bodily injury" to three victims, as evidence of the danger posed by Francis' release.  The government points out that Francis' home and business were the locations from which he engaged in the conduct leading to the pending criminal charges and notes the

increased burden of supervision during the Covid-19 pandemic that his release would impose on the pretrial services officers.

The court recognizes the potential for Francis's exposure to the Covid-19 virus at the Allegheny County Jail ("ACJ"). Unfortunately, that potential exists anywhere in the community. As explained in detail by the government in its response, the ACJ, along with this court and other local authorities, have taken the necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the ACJ. Additionally, there is no indication that Francis' medical needs are not being addressed at the ACJ; in fact, he is seemingly receiving appropriate medical care. While the court is sympathetic to Francis' age[1], medical concerns[2] and claims regarding possible complications caused by Covid-19, he, however, did not point to any contact he had with any affected individuals. Speculation concerning possible future conditions does not constitute a "compelling reason" for temporary release. In other words, Francis's current arguments for release do not outweigh the factors considered by the court in ordering his detention.

With respect to defense counsel's general concerns about being able to communicate with Francis, the court is confident that ACJ officials will respect the privileged nature of attorney-client telephone calls and facilitate viable methods of communication. Pretrial motions are not due until June 2020, and the United States District Court for the Western District of

---

[1] The Centers for Disease Control cautions that individuals over 65 years old are at greater risk for severe illness from Covid-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.
[2] The court is not aware of any information indicating that arthritis, Hepatitis C or need for a hip replacement pose any increased risk of contracting Covid-19, unless a person has other underlying conditions such as hypertension, cardiovascular disease or diabetes. https://www.arthritis.org/about-us/news-and-updates/coronavirus-and-arthritis-what-you-need-to-know; https://www.worldhepatitisalliance.org/latest-news/infohep/3548676/coronavirus-covid-19-sars-cov-2-and-viral-hepatitis-sources-information. Many elective surgeries, such as hip replacements, have been postponed. https://hipknee.aahks.org/joint-care-at-home-during-covid-19/.

Pennsylvania has already stated that "the period of time from March 13, 2020 to April 27, 2020 is considered to be excluded time in *all* criminal proceedings in this court pursuant to U.S.C. § 3161(h)(7)(A)." *See* Misc. No. 2:20-mc-394-MRH.  This order was recently extended until June 12, 2020.   Misc. No. 2:20-mc-394-MRH (ECF No. 7).  If requested, the court will consider granting an additional extension of time for Francis's pretrial motions in light of the practical difficulties caused by the pandemic.

Conclusion

The court concludes that the order detaining Francis remains appropriate. Temporary release of Francis is not warranted.  The Motion for Release from pretrial detention in light of the Covid-19 pandemic (ECF No. 200) will be DENIED.

An appropriate order follows.

Dated:  April 20, 2020

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge