IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Nos. 17-301 and 20-98 |
| | ) | |
| DAVID FRANCIS, | ) | |
| | ) | |
| Defendant. | ) | |

**TENTATIVE FINDINGS AND RULINGS**
**CONCERNING THE APPLICABLE ADVISORY GUIDELINE RANGE**

On July 1, 2020, defendant DAVID FRANCIS pleaded guilty to count 1 of the Superseding Indictment at Crim. No. 17-301, which charged him with conspiracy to possess with intent to distribute and distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846; and waived indictment and pleaded guilty to counts 1 through 5 of the Information at Crim. No. 20-98, which charged him with aiding or assisting with the preparation or filing of false income tax returns on five separate dates: April 29, 2016, November 3, 2016, September 28, 2017, October 30, 2017, and July 20, 2017 (respectively), each in violation of Title 26, United States Code, Section 7206(2).

The Probation Office filed a Final Presentence Investigation Report and addendum (collectively, the "PIR"). Pursuant to Local Rule 32C.4, counsel for defendant and for the government each had an opportunity to submit objections to the PIR. The defendant and government raised no objections to the PIR.

In light of the United States Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Guidelines are advisory and no longer mandatory in the federal courts. The court is directed to sentence criminal defendants in accordance with

1

the factors set forth in 18 U.S.C. § 3553(a).  One of the factors enumerated in § 3553(a) is that the court must consider is "the kinds of sentence and the sentencing range established" under the United States Sentencing Guidelines.  18 U.S.C. § 3553(a)(4).  In fact, the United States Supreme Court stated that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264.  Accordingly, the court's tentative findings reflect the advisory Guidelines range for defendant's offense.  At the time of sentencing, the court will impose the defendant's sentence in consideration of all the factors set forth in § 3553(a).

**Offense Level Computation**

The 2018 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. U.S.S.G. §1B1.11.

Counts 1, 2, 3, 4 and 5 of Crim. No. 20-98 are grouped for guideline calculation purposes because the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior. U.S.S.G. § 3D1.2(d).  The drug conspiracy count from Crim. No. 17-301 does not meet the requirements for grouping under U.S.S.G. § 3D1.2; therefore, that count will be calculated separately, and a multi-count adjustment will be applied.

Crim. No. 17-301, Count 1: Conspiracy to Possess with Intent to Distribute and Distribute 100 Grams or More of Heroin

    1.    The guideline for 21 U.S.C. §§ 846 and 841(a)(1) offenses is found in U.S.S.G. § 2D1.1 of the guidelines, which calls for a base offense level of 24, as the type and quantity of controlled substance attributable to the defendant is at least 100 kilograms but less than 400 grams of converted drug weight. U.S.S.G. § 2D1.1(c)(8). The base offense level is 24.

Crim. No. 20-98, Counts 1-5 (grouped): Aiding or Assisting in the Preparation or Filing of False Income Tax Returns

    2. The guideline for 26 U.S.C. § 7206(2) offenses is found in U.S.S.G. § 2T1.4 of the guidelines. As reflected in the offense conduct and stipulated plea agreement, the parties stipulated that the loss in this case is $1,681,607.54. For a loss of more than $1,500,000 but less than $3,500,000, the offense level is 22. U.S.S.G. §§ 2T1.4(a)(1) and 2T4.1(I). The base offense level is 22.

    3. The defendant was in the business of preparing or assisting in the preparation of tax returns; therefore, the offense level is increased by 2 levels. U.S.S.G. § 2T1.4(b)(1)(B).

    4. The adjusted offense level for the group is 24.

    5.    Multiple Count Adjustment: Units are assigned pursuant to U.S.S.G. §§ 3D1.4(a), (b) and (c). One unit is assigned to the group with the highest offense level. One additional unit is assigned for each group that is equally serious or from 1 to 4 levels less serious. One-half unit is assigned to any group that is 5 to 8 levels less serious than the highest offense level. Any

groups that are 9 or more levels less serious than the group with the highest offense level are disregarded.

| Group/Count | Adjusted Offense Level | Units |
|---|---|---|
| Count Group 1 | 24 | 1.0 |
| Count 1 | 24 | 1.0 |
| Total Number of Units: | 2.0 | |

6. The Combined Adjusted Offense Level is determined by taking the offense level applicable to the Group with the highest offense level and increasing the offense level by the amount indicated in the table at U.S.S.G. § 3D1.4.

7. The group with the highest Offense Level is 24.

8. Because there are 2.0 units, the offense level is increased by 2 levels pursuant to the table at U.S.S.G. § 3D1.4.

9. The Combined Adjusted Offense Level is 26.

10. The defendant clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by 2 levels. U.S.S.G. § 3E1.1(a).

11. The defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by 1 additional level. U.S.S.G. §3E1.1(b).

12. The defendant's total offense level is **23**.

**Criminal History Computation**

13.     The points assigned to the criminal convictions identified in the PIR total 0. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 0 establishes a criminal history category of I.

**Imprisonment**

14.     Statutory Provisions: Crim. No. 17-301, Count 1: The minimum term of imprisonment is 5 years and the maximum term is 40 years. 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(i). Crim. No. 20-98: Counts 1-5: The maximum term of imprisonment is 3 years per count. 26 U.S.C. § 7206(2).

15.     Guideline Provisions: Based upon a total offense level of 23 and a criminal history category of I, the guideline imprisonment range is 46 months to 57 months. However, the statutory mandatory minimum sentence at Crim. No. 17-301 is greater than the applicable guideline range; therefore, the guideline range is 60 months. U.S.S.G. § 5G1.2(b).

16.     Impact of Plea Agreement.  Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is: at Count 1 of the Superseding Indictment at Crim. No. 17-301, a term of imprisonment of 10 years, a fine, if any, in an amount to be determined by the court, a term of supervised release of 4 years, restitution to the victims identified in Counts 2 and 3 of the Superseding Indictment, in amounts to be agreed upon by the parties or set by the court, and a special assessment of $100; and at Counts 1-5 of the Information at Crim. No. 20-98, a term of imprisonment of 36 months at each count, to be served concurrently with each other and with the term of imprisonment imposed at Count 1 of the

Superseding Indictment at Crim. No. 17-301, a term of supervised release of 1 year at each count, to be served concurrently with each other and with the term of supervised release imposed at Count 1 of the Superseding Indictment at Crim. No. 17-301, restitution due to the IRS, in an amount to be agreed upon by the parties or set by the court, and a special assessment of $500. Consistent with Rule 11(c)(1)(C), the court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw his plea.

### Supervised Release

17. Statutory Provisions: Crim. No. 17-301, Count 1: The court must impose a term of supervised release of at least 4 years. 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(i). Crim. No. 20-98, Counts 1-5: The court may impose a term of supervised release of not more than 1 year per count. 18 U.S.C. § 3583(b)(3).

18. Multiple terms of supervised release shall concurrently run. 18 U.S.C. § 3624(e).

19. Guideline Provisions: Crim. No. 17-301, Count 1: The term of supervised release imposed shall be not less than any statutorily required term of supervised release. Therefore, the guideline range for a term of supervised release is 4 to 5 years. U.S.S.G. § 5D1.2(c). Crim. No. 20-98, Counts 1-5: Since each count is a Class E Felony, the guideline range for a term of supervised release is 1 year per count. U.S.S.G. § 5D1.2(a)(3).

### Probation

20. Statutory Provisions: Crim. No. 17-301, Count 1: The defendant is ineligible for probation because it is expressly precluded by statute. 21 U.S.C. § 841(b)(1)(B)(i). Crim. No. 20-

98, Counts 1-5: The defendant is ineligible for probation because the defendant will be sentenced at the same time to a term of imprisonment for the same or a different offense. 18 U.S.C. § 3561(a)(3).

**Fines**

21. Crim. No. 17-301, Count 1: The statutory maximum fine is $5,000,000. 21 U.S.C. § 841(b)(1)(B)(i). Crim. No. 20-98, Counts 1-5: The statutory maximum fine is $100,000 per count. 26 U.S.C. § 7206(2).

22. The guidelines fine range for this offense is $20,000 to $5,000,000. If the defendant is convicted under a statute authorizing (A) a maximum fine greater than $500,000, or (B) a fine for each day of violation, the court may impose a fine up to the maximum authorized by the statute. U.S.S.G. §§5E1.2(c)(3) and (c)(4).

23. A special assessment of $100 is mandatory at each count, for a total of $600. 18 U.S.C. § 3013.

**Restitution**

24. Statutory Provisions. Crim. No. 17-301: No victim impact statements have been received to date. Crim. No. 20-98: Pursuant to 18 U.S.C. § 3663A, restitution shall be ordered in an amount to be determined by the court.

25. Guideline Provisions: Restitution shall be ordered. U.S.S.G. § 5E1.1.

**Forfeiture**

26.  Forfeiture was ordered on July 7, 2020, by separate order of court.

Date:   November 2, 2020                           BY THE COURT:

                                                    /s/ *Joy Flowers Conti*
                                                   Joy Flowers Conti
                                                   Senior United States District Judge